UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MICHAEL PEREZ,

      Petitioner,

    v.

CHARLES J. HAYNES,

      Respondent.

------------------------------------------------------------x

**MEMORANDUM & ORDER**
10 CV 713 (MKB)

MARGO K. BRODIE, United States District Judge:

  Petitioner Michael Perez, also known as Jonathan Santiago, brings the above-captioned petition *pro se* pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. Petitioner's claim arises from guilty pleas entered on June 1, 1988 for criminal possession of a weapon in the third degree and on October 6, 1988 for robbery in the first degree. Following each guilty plea, Petitioner failed to appear for sentencing and warrants were issued for his arrest. In August 1991, Petitioner was arrested and sentenced to concurrent terms of imprisonment of one to three years for criminal possession of a weapon in the third degree and two to six years for robbery in the first degree. Petitioner timely filed a notice of appeal, but then absconded while on work release. As a result, his appeal was dismissed without prejudice. *People v. Santiago*, Nos. 92-4606, 93-773, slip op. at 1 (N.Y. App. Div. Oct. 26, 1993). On September 27, 1999, Petitioner moved pursuant to New York Criminal Procedure Law § 440.10 to vacate his conviction claiming the court erred when it refused to honor the terms of the plea agreement, that his plea for robbery in the first degree was invalid and that his trial counsel was ineffective. Petitioner's motion was denied. On April 15,

2009, Petitioner moved to reinstate his appeal. The Appellate Division, Second Department denied Petitioner's motion. *People v. Santiago*, Nos. 92-4606, 93-773, slip. op. at 1 (N.Y. App. Div. June 2, 2009). In the instant petition, Petitioner argues that he was deprived of his right to appeal his conviction in violation of his due process rights. For the reasons set forth below, the petition is denied.

## I. Background

On June 1, 1988, Petitioner pled guilty to the charge of criminal possession of a weapon in the third degree. (Resp't Aff. Opp'n ¶ 6.) On July 25, 1988, Petitioner failed to appear for sentencing and a warrant was issued for his arrest. *Id.* On October 6, 1988, Petitioner pled guilty to the charge of robbery in the first degree. *Id.* at ¶ 9. On November 21, 1988, Petitioner failed to appear for sentencing and a warrant was issued for his arrest. *Id.* In August 1991, Petitioner was arrested in Nassau County and returned to Brooklyn to resolve his outstanding warrants. *Id.* at ¶ 10. On August 14, 1991, Petitioner was sentenced to concurrent terms of imprisonment of one to three years for criminal possession in the third degree and two to six years for robbery in the first degree. *Id.*

Petitioner then appealed his convictions to the Appellate Division, Second Department and on August 10, 1992, Phillip Weinstein was assigned to represent him on his appeal. (Affirmation of Janet Claire Le in Support of Motion to Dismiss Appeal ("Le Aff.") at ¶ 1.) On March 3, 1993, Petitioner absconded. *Id.* at ¶ 2. On July 27, 1993, Weinstein moved for an order dismissing the appeal without prejudice to reinstate the appeal when Petitioner became amenable to the jurisdiction of the court. (Notice of Motion to Dismiss Appeal.) On October 26, 1993, the Appellate Division granted the motion to dismiss the appeal. *People v. Santiago*, Nos. 92-4606, 93-773, slip op. at 1 (N.Y. App. Div. Oct. 26, 1993).

On September 27, 1999, Petitioner moved pursuant to New York Criminal Procedure Law § 440.10 to vacate his conviction ("440 motion"). (Resp't Aff. ¶ 13.) Petitioner argued that with regard to his conviction for criminal possession, the court erred when it refused to honor the terms of the plea agreement, which included a promised sentence of five years of probation and youthful offender status. *Id.* Additionally, Petitioner argued that his plea of robbery in the first degree was invalid and that his trial counsel was ineffective. *Id.* On June 12, 2000, Petitioner's 440 motion was denied. *Id.* at ¶ 14. On April 15, 2009, Petitioner moved to reinstate his appeal. (Pet'r Mem. Ex. 1.) On June 2, 2009, the Appellate Division denied Petitioner's motion. *People v. Santiago*, Nos. 92-4606, 93-773, slip op. at 1 (N.Y. App. Div. June 2, 2009).

## II. Discussion

### a. Custody Requirement

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) (quoting *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)). The petitioner cannot satisfy the requirement where he or she is in custody pursuant to a subsequent conviction. *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401–02 (2001). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Ogunwomoju v. United States*, 512 F.3d 69, 74 (2d Cir. 2008) (quoting *Maleng*, 490 U.S. at 492).

3

Here, Petitioner challenges the two 1991 convictions for which he was sentenced to concurrent terms of imprisonment of one to three years and two to six years. Petitioner's sentence had a maximum term of imprisonment of six years. In August of 1997, Petitioner was sentenced by a federal court to 215 months' imprisonment, and he is currently serving that sentence in a federal facility in Florida. (Pet'r Mem. 2–3; Pet'r Reply 5.) Petitioner argues that he is "in custody" for purposes of § 2254 because he is currently serving a federal sentence that was enhanced by the 1991 state convictions he challenges herein. (Pet'r Reply 5.) The Supreme Court has specifically rejected such claims, holding that a petitioner is not "in custody" for a conviction "merely because that conviction had been used to enhance a subsequent sentence." *Lackawanna*, 532 U.S. at 401. As Petitioner is currently in custody as a result of his 1997 federal conviction, he is not considered "in custody" for purposes of challenging his 1991 state judgments of conviction. *See, e.g., Thrower v. New York*, No. 08 Civ. 4901, 2008 WL 5333469, at *1 (E.D.N.Y. Dec. 19, 2008).

**b. Timeliness**

Moreover, even if Petitioner could satisfy the "in custody" requirement, the petition is time barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); *see Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act."); *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998) (a prisoner whose conviction became final prior to the effective date of the AEDPA is afforded a one year grace period—until April 24, 1997, to file a first habeas petition under § 2254).

The Appellate Division dismissed Petitioner's appeal as abandoned on October 26, 1993. *People v. Santiago*, Nos. 92-4606, 93-773, slip op. at 1 (N.Y. App. Div. Oct. 26, 1993). Petitioner did not seek leave to appeal the Appellate Division's decision. Thus, thirty days later, on November 25, 1993, when the time to seek leave to appeal to the New York Court of Appeals expired, the judgments of conviction became final. *See Rodney v. Breslin*, No. 07 Civ. 4519, 2008 WL 2331455, at *2 (E.D.N.Y. Jun. 3, 2008) (where appeal was dismissed as abandoned and petitioner did not seek any further direct review, the judgment of conviction becomes final thirty days after dismissal of the appeal). As Petitioner's conviction became final prior to the AEDPA's effective date, he had until April 24, 1997, to file his habeas corpus petition. *Carey v. Saffold*, 536 U.S. 214, 217–18 (2002). Since the instant petition was filed with this Court over twelve years after the limitations period expired, it is barred by 28 U.S.C. § 2244(d).[1]

---

[1] Under § 2244, the one-year limitations period does not commence until the factual predicate upon which the claim was based could have been discovered through the exercise of

5

Nor can the petition be saved by tolling.[2] Liberally construed, Petitioner argues that his petition should be equitably tolled because Weinstein's failure to perfect his appeal denied him due process and effective assistance of appellate counsel. (Pet'r Mem. 7.) Equitable tolling is available only if the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. ----, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011); *Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011). The determination of whether equitable tolling is

---

due diligence. 28 U.S.C. § 2244(d)(1)(D). Thus, Petitioner argues that his claim is timely because the date of the factual predicate is June 2, 2009, when the Appellate Division denied his request to reinstate his appeal. (Pet'r Reply 5–6.) In determining the date of the factual predicate, the relevant inquiry is "when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000) (applying the analogous tolling provision, § 2255(4), for a motion to vacate a sentence under AEDPA); *see also Rodney*, 2008 WL 2331455, at *3 ("[T]he factual predicate of his claim is his counsel's failure to perfect the appeal, not petitioner's realization that this failure violated his right to counsel."). Here, Petitioner timely filed a notice of appeal after his 1991 convictions. (Pet'r Mem. 3.) Although Petitioner argues that he never received any notification regarding the status of his appeal, Petitioner concedes that he absconded his work-release program in March of 1993. *Id.* Petitioner also concedes that he knew as of January of 2000 that his appeal had been dismissed without prejudice. *Id.* at 4. Petitioner's 440 motion was denied on June 13, 2000, and request for leave to appeal was denied in November 2000. *Id.* Yet, Petitioner did not file to reinstate his appeal until 2009, nine years after he had learned that his appeal had been dismissed. Accordingly, Petitioner has failed to demonstrate that § 2244(d)(1)(D) is applicable to support a later start date for the statute of limitations.

[2] Statutory tolling does not impact the timeliness of the petition in this case. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Petitioner filed his 440 motion on September 27, 1999, and by decision and order dated June 12, 2000, the 440 motion was denied as procedurally barred and meritless. (Resp't Aff. Opp'n ¶¶ 13–14.) It is clear that the 440 motion was not pending during the one year grace period, but rather was filed almost two and one-half years after the grace period expired on April 24, 1997. Therefore, Petitioner does not qualify for statutory tolling based on the filing of the 440 motion. *See Doe v. Menefee*, 391 F.3d 147, 154 (2d Cir. 2004) (a state collateral proceeding commenced after the statute of limitations has run does not reset the limitations period); *Smith v. McGinnis*, 208 F.3d 13, 16–17 & n.2 (2d Cir. 2000).

appropriate must be made on a case-by-case basis. *Holland*, 130 S. Ct. at 2563; *see also Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010) (recognizing that "equitable procedure demands flexibility in the approach to equitable intervention"). To secure equitable tolling, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances . . . and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Jenkins*, 630 F.3d at 303 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)); *see also Harper*, 648 F.3d at 137 (petitioner's ninety-eight day period of hospitalization, including six surgeries, sufficiently demonstrated the requisite extraordinary circumstances to secure equitable tolling).

Here, Petitioner fails to show that he pursued his rights diligently. By Petitioner's own admission he became amenable to the jurisdiction of the New York state courts in June 1996, when he was returned to custody. (Pet'r Mem. 3.) Moreover, Petitioner states that he first learned that his appeal was not perfected on or about January 2000. *Id.* at 4. Petitioner did not contact the Appellate Division to request reinstatement of his appeal until April 2009. Petitioner has not established that he pursued his rights diligently. *See Garcia v. United States*, 268 F. App'x. 20, 22 (2d Cir. 2008) (finding that petitioner had not exercised due diligence because of his fugitive status); *Lago v. Niles*, No. 11 Civ. 2083, 2012 WL 373341, at *3 (E.D.N.Y. Feb. 1, 2012) ("It was petitioner's lack of diligence in failing to attempt to ascertain the status of his leave application for more than fifteen (15) months . . . not any extraordinary circumstance, that prevented him from timely filing his habeas petition."); *Morton v. Ercole*, No. 08 Civ. 252, 2010 WL 890036, at *3 (S.D.N.Y. Mar. 10, 2010) (petitioner was not "precluded from checking a publicly available docket sheet to determine if his appeal had been filed").

To the extent that Petitioner is arguing that Weinstein's failure to perfect his appeal amounts to an extraordinary circumstance, his argument fails. The term "extraordinary" refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period. *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) ("[T]he proper inquiry is not how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period."); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (attorney miscalculation of limitations period insufficient to warrant equitable tolling); *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) (holding that a "highly case-specific inquiry" must be conducted in order to determine whether mental illness can excuse an untimely filing). Extraordinary circumstances have been found in few situations. *See, e.g., Holland*, 130 S. Ct. at 2564–65 (suggesting that "extraordinary circumstances" may be present when attorney, among other things, failed to file a timely habeas petition despite petitioner's many letters instructing him to do so, did not inform petitioner that the state's highest court had decided his case and ignored petitioner's letters for a period of years); *Dillon*, 642 F.3d at 364 (attorney admitted "affirmatively and knowingly *misleading* [the petitioner] by promising that he would file the petition" before the last day to file) (emphasis in original).

After Petitioner absconded from his work-release program in 1993, Weinstein had no contact information for Petitioner for the time period leading up to and immediately following the dismissal of his appeal by the Appellate Division. Weinstein's request to dismiss Petitioner's appeal without prejudice until such time as Petitioner became amenable to the court's jurisdiction was reasonable. Moreover, as previously noted, Petitioner was aware in 2000 that his appeal was not perfected, but Petitioner did not contact the Appellate Division to request

8

reinstatement of his appeal until April 2009. Petitioner has failed to show that Weinstein's conduct amounts to an extraordinary circumstance that would equitably toll the limitations period.[3] Accordingly, Petitioner has not demonstrated that he acted with reasonable diligence or that any extraordinary circumstances existed that warrant equitable tolling of the limitations period.

### c. Fugitive Disentitlement Doctrine

Even if the petition was timely, Petitioner's claim would be dismissed because the denial of Petitioner's motion to reinstate his appeal was not contrary to or an unreasonable application of federal law. Under 28 U.S.C. § 2254, a petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established federal law" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Lafler v. Cooper*, 566 U.S. ---, 132 S. Ct. 1376 (2012). For the purposes of federal habeas review, "clearly established law" is defined as the "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by

---

[3] To the extent Petitioner is arguing that he is entitled to equitable tolling because he is "unlearned in the law," the argument is without merit. (Pet'r Mem. 1.) Ignorance of the law is not an extraordinary circumstance warranting equitable tolling. *See Hill v. Superintendent Gowanda Corr. Facility*, No. 08 Civ. 4508, 2009 WL 560690, *3 (E.D.N.Y. Mar. 4, 2009) (petitioner bears the burden of learning and abiding by the applicable procedural rules when seeking review in federal court); *Worsham v. West*, No. 05 Civ. 530, 2006 WL 2462626, at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases."); *Doyle v. Yelich*, No. 05 Civ. 2750, 2005 WL 2475727, at *2 (E.D.N.Y. Oct. 7, 2005) (neither *pro se* status nor ignorance of the law warrant equitable tolling).

the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412–13. In order to establish that a state court decision is an unreasonable application, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The decision must be "objectively unreasonable." *Id.* In addition, factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner argues that the Appellate Division's refusal to allow him to reinstate his appeal is a violation of the Due Process Clause of the Fourteenth Amendment. Although the United States Constitution does not require state criminal appellate review, *see Smith v. Robbins*, 528 U.S. 259, 270 n.5 (2000), a state that has established the right to criminal appeals must decide those appeals using procedures that "comport with the demands of [both] the Due Process and Equal Protection Clauses of the Constitution." *Evitts v. Lucey*, 469 U.S. 387, 393 (1985); *see also Taveras v. Smith*, 463 F.3d 141, 147 (2d Cir. 2006); *Simmons v. Reynolds*, 898 F.2d 865, 868 (2d Cir. 1990).

Petitioner's appeal was dismissed because Petitioner absconded from state custody and was no longer available to obey any order of the court. *People v. Santiago*, Nos. 92-4606, 93-773, slip op. at 1 (N.Y. App. Div. Oct. 26, 1993) (citing *People v. Casiel*, 33 N.Y.2d 791, 792 (1973) (granting the dismissal of the appeal "upon the ground that appellant is not presently available to obey the mandate of the court in the event of an affirmance")). The Supreme Court has routinely recognized the authority of appellate courts to "dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993); *see also Degen v. United States*, 517 U.S. 820, 823 (1996)

("We have sustained . . . the authority of an appellate court to dismiss an appeal or writ in a criminal matter when the party seeking relief becomes a fugitive."); *Goeke v. Branch*, 514 U.S. 115, 118–19 (1995) (state court fugitive disentitlement remains in full force with respect to federal habeas); *Estelle v. Dorrough*, 420 U.S. 534, 543 (1975) ("[A] court may properly dismiss an appeal of a fugitive convict when, and because, he is not within the custody and control of the court.").

In New York, courts have the discretion to dismiss a fugitive's criminal appeal "on the . . . ground that 'the appellant is not presently available to obey the mandate of the Court in the event of an affirmance.'" *Taveras*, 463 F.3d at 149 (quoting *Skiff-Murray v. Murray*, 760 N.Y.S.2d 564, 566 (App. Div. 2003)). "[A] fugitive who absconds in the course of an ongoing criminal appeal flouts the authority of the court from which he seeks relief. By imposing the sanction of disentitlement, that court can both protect the dignity of its proceedings and deter similarly situated parties from absconding." *United States v. Awadalla*, 357 F.3d 243, 246 (2d Cir. 2004).

Petitioner's appeal was dismissed because he absconded from state custody. Petitioner was still a fugitive, when his appeal was dismissed in October 1993. After Petitioner absconded in March of 1993, 16 years passed before he moved to reinstate his appeal. In light of Petitioner's escape from state custody and the 16 years that passed before he moved to reinstate his appeal, the Court finds that the state court's decision to deny Petitioner's motion to reinstate his appeal was not contrary to or an unreasonable application of federal law. *See Smalls v. Smith*, No. 05 Civ. 5182, 2009 WL 2902516, at *10 (S.D.N.Y. Sept. 10, 2009) (where Petitioner was "still at large while his appeal was dismissed . . . New York courts have regularly applied the fugitive disentitlement doctrine"); *Ortiz v. Senkowski*, No. 01 Civ. 2402, 2001 WL 1267178,

(S.D.N.Y. Oct. 22, 2001) (applying the fugitive disentitlement doctrine, the court held that "petitioner forfeited his right to criminal appeal by refusing to appear before the court for trial").

## III. Conclusion

For the foregoing reasons, the petition for habeas corpus is denied, and the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is directed to close the case.

/SO ORDERED.

S/Judge Brodie
_____
MARGO K. BRODIE
United States District Judge

Dated: October 3, 2012
 Brooklyn, New York